## UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

In the Matter of the Search of

*(Briefly describe the property to be searched or identify the person by name and address)*

Accounts associated with the phone number 757-675-3548

)
)
)
)
)
)
)

UNDER SEAL

**FILED**

FEB 2 0 2024

CLERK U.S. DISTRICT COURT
NEWPORT NEWS, VA

Case No. 4:24SW 24

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A

located in the _____ Northern _____ District of _____ New Jersey _____, there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 2252A(a)(1) | Transportation of Child Pornography |
| 18 U.S.C. §§ 2252A(a)(5)(B) | Possession of Child Pornography |

The application is based on these facts:

See affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

REVIEWED AND APPROVED:

_____
Devon Heath
Assistant United States Attorney

_____
*Applicant's signature*

Desirae Maldonado, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 02/20/2024 _____

_____
*Judge's signature*

City and state: Newport News, Virginia

The Honorable Douglas E. Miller, US Magistrate Judge
*Printed name and title*

| Print | Save As... | Attach | Reset |
|---|---|---|---|

## ATTACHMENT A

### DESCRIPTION OF THE PROPERTY TO BE SEARCHED

This warrant applies to all cloud content associated with the Synchronoss Technologies online storage account associated with the following Verizon Wireless telephone number:

- **757-675-3548**

This content is stored at premises owned, maintained, controlled, or operated by Synchronoss Technologies, Inc., a company with offices located at 200 Crossing Blvd., Floor 8, Bridgewater, NJ 08807.

All Cloud content associated with CyberTip numbers: 157288060, 159648607, 162872310, 164894052, 165736230, 165891976, 174322960, 130235738, 174899913, and 175231098 and Verizon Cloud account **757-675-3548.**

**Synchronoss Technologies is requested to provide the contents and records of 757-675-3548 that were preserved by Synchronoss in concurrence with the submission of the CyberTipline Reports.**

## ATTACHMENT B

### Particular Things to be Seized

### I.     Information to be disclosed by Synchronoss Technologies Inc.,

To the extent that the information associated with the Synchronoss Technologies account described in Attachment A is within the possession, custody, or control of Synchronoss Technologies, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Synchronoss Technologies or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Synchronoss Technologies is required to disclose the following information to the government:

    a.    All incoming and outgoing text message (SMS) content;

    b.    Mobile number subscriber information and device information such as serial number, including the make and model of handset(s) associated with the account or any other phone, computer, tablet, or any other device that has accessed, connected, or uploaded to the account;

    c.    Call detail records (CDR), text detail records (TDR), incoming and outgoing multimedia message (MMS) content including photos, videos, and other attachments, pertaining to the account;

    d.    Information pertaining to the identification of the subscriber of the account, including the subscriber's full name, physical and mailing addresses, billing information, and any other names, user names, screen names, or other identifiers, telephone numbers, or e-mail addresses attached to or associated with the account;

**Attachment B**                                           **Page 1**

records of session times and durations; the date on which the account was created, the length of service, and the IP address used to register the account; log-in IP addresses associated with session times and dates; account status; methods of connecting; log files; and means and source of payment (including any credit or bank account number);

e. The types of service utilized by the user;

f. All records, files, or other data stored by an individual using the account including images, videos, or any other data;

g. Any and all IP logs of connectivity between any device and the account;

h. All records pertaining to communications between Synchronoss and any person regarding the account, including contacts with support services and records of actions taken.

i. All information/data submitted to the National Center for Missing and Exploited Children ("NCMEC") in connection with CyberTips: 157288060, 159648607, 162872310, 164894052, 165736230, 165891976, 174322960, 130235738, 174899913, and 175231098.

## II.    Information to be seized by the government.

All information described above in Section I that constitutes contraband or evidence, fruits, or instrumentalities of violations Title 18, United States Code, §§ 2252A(a)(1) and 2252A(a)(5)(B), which prohibit the knowing transportation, receipt, distribution, and possession of child pornography, including:

a. Information relating to who created, used, communicated with, or stored

**Attachment B**                                                                                                          **Page 2**

information in the account described in Attachment A, including records about their identities and whereabouts;

b.   Information indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the account holder;

c.   Evidence indicating the account holder's and user's state of mind as it relates to the crimes under investigation;

d.   Any and all IP logs of connectivity between any device and the account;

e.   All incoming and outgoing text message (SMS) content that relates to the crimes under investigation;

f.   Email messages, records, transactional data, and stored information that were used or are capable of being used to commit or continue the violations described above;

g.   All records, documents, invoices, or materials associated with the account that concern accounts with an Internet service provider or a telephone service provider whose services may have been used in the commission of the above violations;

h.   All photographs, images, videos, or any other data relating or pertaining to the above violations;

i.   The identity of the person(s) who sent to and/or received communications from the cellular device about matters relating to the above violations, including records that help reveal their whereabouts and identity.

III.   **Disclosure by provider - By Order of the Court**

Synchronoss shall disclose responsive data, if any, within fourteen (14) days of service of

**Attachment B**                                                                 **Page 3**

this warrant by sending to FBI, Attn: SA Desirae Maldonado (demaldonado@fbi.gov) via electronic means, **notwithstanding 18 U.S.C. 2252A or similar statute or code**. However, if the records must be mailed or shipped, they can be delivered to SA Desirae Maldonado, Federal Bureau of Investigation, 11827 Canon Blvd, Suite 300, Newport News, Virginia, 23606 with phone number 757-873-5015. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer shall not be required for the service or execution of the search warrant. The foregoing records and information may be copied onto removable electronic storage media (e.g. CD-R together with a written attestation identifying the serial number of the CD-R for authentication purposes) and delivered to the officer serving this warrant, via the United States Postal Service, or another qualified courier service; or made available via secure online portal for download by law enforcement. Secure online portal for download is the preferred method.

**Attachment B**                                                                                          **Page 4**

FILED

FEB 2 0 2024

CLERK, U.S. DISTRICT COURT

**Case No.**

**In Re Search Of:**   Information associated with the cloud-based storage account(s) associated with Verizon phone number **757-675-3548 (Subject Account)**, from <u>August 1, 2022 to present</u>, that is stored at premises controlled by Synchronoss Technologies, Inc.

<u>**AFFIDAVIT**</u>

**INTRODUCTION AND AGENT BACKGROUND**

I, Desirae Maldonado, being duly sworn, do hereby depose and state as follows:

1. I am a Special Agent with the United States Department of Justice, Federal Bureau of Investigation (FBI). I have been employed by the FBI as a Special Agent since January 2019. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States, who is empowered by law to conduct investigations regarding violations of United States law, to execute warrants issued under the authority of the United States, and to make arrests of the offenses enumerated in 18 U.S.C. §§ 2251 et. seq. In the course of my duties, I am responsible for investigating crimes which include, but are not limited to, child exploitation and child pornography. I have previously been involved in criminal investigations concerning violations of federal laws. Since joining the FBI, I have received specialized training in human trafficking investigations, identifying and seizing electronic evidence, computer forensics, recovery, and social media investigations.

2. The information set forth in this affidavit is known to me as a result of an investigation personally conducted by me and other law enforcement agents. Thus the statements in this affidavit are based in part on information provided to Special Agents ("SAs") and other employees of the FBI, as well as other investigators employed by federal or state governments.   I

**Page 1**

have participated in investigations involving persons who collect and distribute child pornography, as defined in 18 U.S.C. § 2256(8), and the importation and distribution of materials relating to the sexual exploitation of children. I have received training in the areas of child exploitation, and I have reviewed images and videos of child pornography in a wide variety of media forms, including computer media. I have also discussed and reviewed these materials with other law enforcement officers.

3.     In the course of my employment as a sworn law enforcement officer, I have participated in the execution of numerous search warrants resulting in the seizure of computers, magnetic storage media for computers, cellular devices, electronic media, and other items evidencing violations of state and federal laws.

## LOCATION

4.     This affidavit is made in support of an application for a search warrant for:

a.   Information associated with Synchronoss Technologies, Inc., cloud-based storage account associated with Verizon phone number **757-675-3548 (Subject Account)** that are stored at premises owned, maintained, controlled, or operated by Synchronoss Technologies, Inc., Inc., an electronic communications service and/or remote computing service provider with offices located at 200 Crossing Blvd., Floor 8, Bridgewater, NJ 08807. The information to be searched is described in the following paragraphs and in Attachment A.

5.     The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers

**Page 2**

and witnesses, and the review of documents and records.

6.     This affidavit is based upon information that I have gained from my investigation, my training and experience, as well as information obtained from other law enforcement officers. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation.    I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities (described in Attachments A and B) of violations of Title 18, U.S.C. §2252A(a)(1) and 2252A(a)(5)(B) are within the information associated with the Synchronoss Technologies, Inc. account mentioned above.

7.     The purpose of this application is to seize evidence, contraband, fruits, and other items related to violations of Title 18, U.S.C. § 2252A(a)(1) and 2252A(a)(5)(B), relating to material involving the sexual exploitation of minors (the "Specified Federal Offense").

8.     This affidavit is made, in part, in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), 2703(b)(1)(A) and 2703(c)(1)(A) to require Synchronoss Technologies, Inc. to disclose to the Government records and other information in its possession, pertaining to the subscriber or customer associated with the accounts, including the contents of communications.

## LEGAL AUTHORITY

### A. Pertinent Criminal Statutes

9.     Title 18, United States Code, Section 2252A(a)(1) makes it a federal criminal offense to knowingly mail, or transport or ship using any means or facility of interstate or foreign

commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography.

10.    Title 18, United States Code, Section 2252A(a)(5)(B) prohibits a person from knowingly possessing, or knowingly accessing with intent to view, any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

## B. Other Legal Authority

11.    The legal authority for this search warrant application regarding the **Subject Account** is derived from Title 18, U.S.C. §§ 2701-2711, entitled "Stored Wire and Electronic Communications and Transactional Records Access." Section 2703(a) provides in relevant part as follows:

> A governmental entity may require the disclosure by a provider of electronic communication service of the contents of an electronic communication that is in electronic storage in an electronic communications system for one hundred and eighty days or less, only pursuant to a warrant issued under the Federal Rules of Criminal Procedure or equivalent State warrant. A governmental entity may require the disclosure by a provider of electronic communications services of the contents of an electronic communication that has been in electronic storage in an electronic communications system for more than one hundred and eighty days by the means available under subsection (b) of this section.

**Page 4**

12.    Title 18, U.S.C. § 2703(b) provides in relevant part as follows:

(1) A governmental entity may require a provider of remote computing service to disclose the contents of any electronic communication to which this paragraph is made applicable by paragraph (2) of this subsection –

(A) without required notice to the subscriber or customer, if the governmental entity obtains a warrant issued under the Federal Rules of Criminal Procedure or equivalent State warrant.

(2) Paragraph (1) is applicable with respect to any electronic communication that is held or maintained on that service –

(A) On behalf of, and received by means of electronic transmission from (or created by means of computer processing of communications received by means of electronic transmission from), a subscriber or customer of such remote computing service; and

(B) Solely for the purpose of providing storage or computer processing services to such subscriber or customer, if the provider is not authorized to access the contents of any such communications for purposes of providing any services other than storage or computer processing.

13.    The government may also obtain records relating to e-mail communications, such as subscriber identifying information, by way of a search warrant. Title 18, U.S.C. § 2703(c)(1)(A).

14.    Title 18, U.S.C. §§ 2703(b)(1)(A) and 2703(c)(1)(A) allow for nationwide service of process of search warrants for the contents of electronic communications and records

**Page 5**

concerning electronic communication service or remote computing service if such warrant is issued by a court with jurisdiction over the offense under investigation.

15.     This investigation involves offenses within the jurisdiction and proper venue of the United States District Court for the Eastern District of Virginia, as more fully articulated below. *See* Title 18, U.S.C. § 3237(a); see also Title 18, U.S.C. §§ 3231 and 3232.   *See United States v. Bagnell*, 679 F.2d 826, 830 (11th Cir. 1982) (venue is proper in child pornography and obscenity prosecution in district where images were either distributed or received).

## DEFINITIONS

16.     The terms "records," "documents," and "materials" include all information recorded in any form, including the originals and all non-identical copies thereof, whether different from the original by reason of any notation made on such copies or otherwise, including, but not limited to the following:

      a.      graphic records or representations;

      b.      photographs;

      c.      pictures;

      d.      images, and

      e.      aural records or representations.

17.     The terms "records," "documents," and "materials" include all of the foregoing, in whatever form and by whatever means, the records, documents, or materials, and their drafts, or their modifications may have been created or stored, including (but not limited to): any electrical, electronic, or magnetic form (including but not limited to any information on an electronic or magnetic storage device such as hard disks).

**Page  6**

18.    The terms "minor" and "sexually explicit conduct" are defined in Title 18, U.S.C. § 2256(1) and (2).   A "minor" is defined as "any person under the age of eighteen years."   The term "sexually explicit conduct" means actual or simulated:

a.    Sexual intercourse, including genital-genital, oral genital, anal genital, or oral anal, whether between persons of the same or opposite sex;

b.    Bestiality;

c.    Masturbation;

d.    Sadistic or masochistic abuse; or

e.    Lascivious exhibition of the genitals or pubic area of any person.

19.    The term "computer" as used herein is defined pursuant to Title 18, U.S.C. §1030(e)(1), as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device."

20.    The term "Universal Resource Locator" (URL):   A URL is the unique address for a file that is accessible on the Internet.   For example, a common way to get to a website is to enter the URL of the website's home page file in the Web browser's address line.   Additionally, any file within that website can be specified with a URL.   The URL contains the name of the protocol to be used to access the file resource, a domain name that identifies the specific computer on the Internet, and a pathname, a hierarchical description that specifies the location of a file in that computer.

21.    The term "Internet Protocol Address" (IP Address): This term refers to the fact that every computer or device on the Internet is referenced by a unique Internet Protocol address the

**Page 7**

same way every telephone has a unique telephone number. An example of an IP address is 192.168.10.102. Each time an individual accesses the Internet, the computer from which that individual initiates access is assigned an IP address. There are two types of IP addresses; static and dynamic. A static address is permanent and never changes, such as ones used in cable modems. The dynamic address changes almost every time the computer connects to the Internet.

22. The term "Internet Service Provider" (ISPs): This term refers to individuals who have an Internet account and an Internet-based electronic mail (e-mail) address must have a subscription, membership, or affiliation with an organization or commercial service which provides access to the Internet. A provider of Internet access and services is referred to as an Internet Service Provider or "ISP".

23. "Web hosts" provide the equipment and services required to host and maintain files for one or more websites and to provide rapid Internet connections to those websites. Most hosting is "shared," which means that multiple websites of unrelated companies are on the same server in order to reduce associated costs. When a client develops a Website, the client needs a server and perhaps a web hosting company to host it. "Dedicated hosting," means that the web hosting company provides all of the equipment and assumes all of the responsibility for technical support and maintenance of a website. "Co location" means a server is located at a dedicated hosting facility designed with special resources, such as a secure cage, regulated power, a dedicated Internet connection, online security and online technical support. Co location facilities offer customers a secure place to physically house the customers' hardware and equipment as opposed to keeping it in their offices or warehouse, where the potential for fire, theft or vandalism is greater.

**Page 8**

24.     "Electronic Communication Service" refers to any service which provides to users thereof the ability to send or receive wire or electronic communications.  Title 18, U.S.C. § 2510(15).

25.     "Remote Computing Service" is a service that provides to the public computer storage or processing services by means of an "electronic communications system."  Title 18, U.S.C. § 2711.

26.     "Electronic Communications System" means any wire, radio, electromagnetic, photooptical, or photoelectronic facilities for the transmission of wire or electronic communications, and any computer facilities or related electronic equipment for the electronic storage of such communications.   Title 18, U.S.C. § 2510(14).

27.     "Contents," when used with respect to any wire, oral, or electronic communication, includes any information concerning the substance, purport, or meaning of that communication. Title 18, U.S.C. § 2510(8).

28.     "Electronic storage" means (a) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (b) any storage of such communication by an electronic communication service for purposes of backup protection of such communication. Title 18, U.S.C. § 2510(17).

29.     "Child Erotica," as used herein, means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions.

30.     "Child Pornography," as used herein, includes the definition in Title 18, U.S.C. § 2256(8) (any visual depiction of sexually explicit conduct where (a) the production of the visual

**Page 9**

depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. Title 18, U.S.C. §§ 2252 and 2256(2).

31.    "Spam" email refers to unsolicited (usually commercial) electronic mail messages sent in bulk to recipients.

32.    Cloud Computing is a model for enabling ubiquitous, convenient, on-demand network access to a shared pool of configurable computing resources that do not require end-user knowledge of the physical location and configuration of the system that delivers the services (e.g. Instead of storing files on your home computer, an alternate storage location could be a file storage service provider somewhere connected to the Internet, sometimes referred to as the "Cloud").

33.    Cloud Storage is a network of online storage where data is saved in virtual storage that is hosted by third parties.   The hosting companies operate large data centers, possibly across multiple servers.   Cloud storage allows users to save files and data online and access their information from anywhere using any computer that is connected to the Internet.

## TECHNICAL BACKGROUND/VERIZON WIRELESS/SYNCHRONOSS TECHNOLOGIES and RECORDS HELD BY THEM

34.    Verizon Wireless is a company that provides cellular telephone access to the general public.   Verizon Wireless also provides cloud storage to its subscribers under the product name "Verizon Cloud."   "Verizon Cloud" enables Verizon subscribers to synchronize and save

data from their internet connected devices to their "Verizon Cloud" account.   This data may include stored electronic communications, including retrieved and un-retrieved email and retrieved and un-retrieved text messages, as well as contact lists, photos, videos, music, documents, message logs and call logs.   As explained below, data stored on a "Verizon Cloud" account may be located on servers owned, maintained, controlled, and operated by Synchronoss Technologies.

35.   Through my training and experience, as well as conversations with other experienced law enforcement officers and a review of materials available on the public website for Synchronoss Technologies, I have learned that Synchronoss Technologies provides a variety of cloud based online storage services to mobile carrier companies including AT&T, Verizon Wireless, and Vodafone, as well as other companies with an interest in offering cloud-based storage to their customers.   These companies are then able to provide their subscribers with online storage accounts and services under their own brand names.   These services allow subscribers to backup, synchronize, and store electronic data.   Data stored by a subscriber can include contact lists, photos, videos, music, text messages, emails, call logs, and documents.   A subscriber who has stored information in a Synchronoss online storage account can then access this data using multiple devices, including computers and smartphones.   In some cases, a subscriber can also share their stored data with other subscribers by allowing those other subscribers access to selected portions of their storage accounts.

36.   When a subscriber transfers data to an online storage account operated by Synchronoss Technologies, the transfer is initiated at the user's computer, smartphone, or other electronic device.   The data is then transferred via the Internet to servers owned and operated by

**Page 11**

Synchronoss Technologies.   The data can then automatically be synchronized with and accessed by other electronic devices that have been registered with that storage account.

37.    If a subscriber does not delete their stored data, the data can remain on Synchronoss Technologies' servers indefinitely.   Even when a subscriber deletes their account, data from their account may continue to be available on Synchronoss Technologies' servers for a certain amount of time.

38.    Synchronoss Technologies does not provide cloud storage directly to individual subscribers; instead, subscribers obtain a Synchronoss online storage account through another company, such as a mobile service provider.   The provider in turn, contracts with Synchronoss Technologies.   Because Synchronoss Technologies allows providers to brand their services, a subscriber may not realize that their information is stored online by Synchronoss Technologies.

39.    I have learned that Verizon Wireless contracts with Synchronoss Technologies for cloud storage space and services.   Verizon Wireless then provides online storage accounts to its subscribers under the brand name "Verizon Cloud."   Thus, a Verizon subscriber storing data in the "Verizon Cloud" is really storing their data in a Synchronoss online storage account on servers owned, maintained, controlled, and operated by Synchronoss Technologies.   The servers of Synchronoss Technologies are therefore likely to contain stored electronic communications, data, and information concerning individual Verizon subscribers relating to their use of Synchronoss' services.   These stored electronic communications and data can include contact lists, photos, videos, music, text messages, text message logs, retrieved and unretrieved emails, call logs, and documents.

**Page 12**

40.     Online storage providers such as Synchronoss Technologies typically retain certain transactional information about the creation and use of each account on their systems.   This information can include the date on which the account was created, the length of service, records of log-in (i.e., session) times and durations, the types of service utilized, the status of the account (including whether the account is inactive or closed), the methods used to connect to the account, and other log files that reflect usage of the account.   In addition, online storage providers often have records of the Internet Protocol address ("IP address") used to register the account and the IP addresses associated with particular logins to the account.   Because every device that connects to the internet must use an IP address, IP address information can help to identify which computers or other devices were used to access the account.

41.     Collectors and distributors of child pornography often use online resources to store, retrieve, and share child pornography.   Non-pornographic, seemingly innocuous images of minors are often found in online storage accounts that also contain child pornography.   Such images are useful in attempting to identify actual minors depicted in child pornography images found during the execution of a search warrant.   In certain cases, such images may also assist in determining the origins of a particular child pornography image or series of images.

## CHARACTERISTICS OF COLLECTORS OF CHILD PORNOGRAPHY

42.     In my experience and training, and through my discussions with law enforcement officers who specialize in the investigation of child pornography, and of subjects who use the Internet and e-mail to gain access to child pornography, I have learned that individuals who use such technology are often child pornography collectors who download images and videos of child pornography.   Moreover, I have learned that many subjects have saved numerous images to their

**Page  13**

hard drive, thumb drive, disks or CDs, and have kept that material for long periods of time. Based upon my knowledge, experience, and training in child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the receipt and collection of child pornography:

a. Child pornography collectors may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, in other visual media or from literature describing such activity.

b. Collectors of child pornography may collect sexually explicit or suggestive materials, in a variety of media, including photographs, magazines, motion pictures, videotapes, books, slides, drawings, or other visual media. Child pornography collectors oftentimes use these materials for their own sexual arousal and gratification. Further, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c. Collectors of child pornography almost always possess and maintain their "hard copies" of child pornographic material, that is, their pictures, films, videotapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, etc., in the privacy and security of their home or some other secure location. Child pornography collectors typically retain pictures,

Page 14

films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d. Likewise, collectors of child pornography often maintain their collections that are in a digital or electronic format in a safe, secure and private environment, such as a computer and surrounding area. These collections are often maintained for several years and are kept close by, usually at the collector's residence, to enable the collector to view the collection, which is valued highly.

e. Child pornography collectors also may correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

f. Collectors of child pornography prefer not to be without their child pornography for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

**PROBABLE CAUSE TO SEARCH**

43.     Between August 2022 and September 2023, the National Center for Missing and Exploited Children (NCMEC) received 10 CyberTip Reports (157288060, 159648607,

**Page 15**

162872310, 164894052, 165736230, 165891976, 174322960, 130235738, 174899913, and 175231098) from Synchronoss Technologies, Inc. From the 10 CyberTips, Synchronoss Technologies, Inc. reported the suspect as: phone number: **757-675-3548**, email: rbarsntead@cox.net. NCMEC subsequently passed the CyberTips to Bedford County Sheriff's Office (BCSO), in which BCSO passed to FBI Norfolk. In each of the CyberTips, Synchronoss Technologies, Inc. and NCMEC acknowledged and or/listed the images they viewed.

44.     On December 27, 2023, your affiant reviewed 10 image files Synchronoss Technologies, Inc. reviewed in all 10 CyberTips and confirmed the images depicted child pornography. Out of the 10 images, eight of the 10 images were identified as child pornography via hash match.

THE HASH MATCH INDICATES THE VICTIMS IN THE PHOTOS WERE PREVIOUSLY IDENTIFIED AS MINORS.

45.     In CyberTip 130235738, Synchronoss Technologies, Inc. reported the suspect uploaded one file containing child pornography. The suspect was reported as: phone number: **757-675-3548**, email: rbarnstead@cox.net. Per CyberTip 130235738, the incident date and time was August 5, 2022, at 21:04:01 UTC. A review of the file is listed below:

a.  "85824ad95f9448b999f639a17edc655a_58bed3fa3a53dba9b932afb52d2fe 6e6e6de4de4294d184cd2af1504b3a66f1a". This video depicts a 10 second still image of a pubescent female sitting on the ground with her breasts, vagina, and anus exposed. One foreign object is inserted into her vagina, and another is inserted into her anus. The video has the associated MD5: b725b15544c50e896d131b2138ec4280. The upload of the video file occurred on August 5, 2022, at 21:04:01 UTC.

**Page 16**

46.    In CyberTip 157288060, Synchronoss Technologies, Inc. reported the suspect uploaded one file containing child pornography. The suspect was reported as: phone number: **757-675-3548**, email: rbarnstead@cox.net. Per CyberTip 157288060, the incident date and time was March 6, 2023, at 21:01:20 UTC. The file uploaded is also the same file uploaded in CyberTip 159648607. A review of the file is listed below:

a.    "85824ad95f9448b999f639a17edc655a_e7efed72b0314a138cc0aacf0bd8 0ff09b4d3bf7eb289cfa00236138c6d52c28". This video depicts a 10 second still image of a fully nude pubescent female lying down on her side exposing her vagina with her leg propped. The video has the associated MD5: 2642f5e0f527a5e8e08189acb5214948. The upload of the video file occurred on March 6, 2023, at 21:01:20 UTC.

47.    In CyberTip 162872310, Synchronoss Technologies, Inc. reported the suspect uploaded one file containing child pornography. The suspect was reported as: phone number: **757-675-3548**, email: rbarnstead@cox.net. Per CyberTip 162872310, the incident date and time was May 27, 2023, at 21:02:20 UTC. The file uploaded is also the same file uploaded in CyberTip 165891976. A review of the file is listed below:

a.    "85824ad95f9448b999f639a17edc655a_f851852907ee0cbee16014699b31 3ddee0c6885df80f18b6058e6a7d84de4e40". This video depicts a 10 second still image of a fully nude pubescent female taking a selfie while standing in front of a mirror with her breasts and vagina exposed. The video has the associated MD5: 2aae06911b97a3018fe16cbf2d2933ae. The upload of the video file occurred on May 27, 2023, at 21:02:20 UTC.

**Page 17**

48.   In CyberTip 164894052, Synchronoss Technologies, Inc. reported the suspect uploaded one file containing child pornography. The suspect was reported as: phone number: **757-675-3548**, email: rbarnstead@cox.net. Per CyberTip 164894052, the incident date and time was June 22, 2023, at 21:22:07 UTC. The file uploaded is also the same file uploaded in CyberTip 165736230 and 174322960. A review of the file is listed below:

a.   "85824ad95f9448b999f639a17edc655a_85cd6e38e9e15e707de4a02da21 e23896a0198a13fe48fa13b6d1db5893cec08". This video depicts a 10 second still image of a fully nude pubescent female standing with her breasts and vagina exposed.   The   video   has   the   associated   MD5: 7e294cded98ec430dd71877bd249d410. The upload of the video file occurred on June 22, 2023, at 21:22:07 UTC.

49.   In CyberTip 174899913, Synchronoss Technologies, Inc. reported the suspect uploaded one file containing child pornography. The suspect was reported as: phone number: **757-675-3548**, email: rbarnstead@cox.net. Per CyberTip 174899913, the incident date and time was September 25, 2023, at 21:03:37 UTC. The file uploaded is also the same file uploaded in CyberTip 175231098. A review of the file is listed below:

a.   "85824ad95f9448b999f639a17edc655a_c194c71b859b3be7477c851b4ce 6db00d9c2ac2c36dd7db75ad515e42cd7eb63:. This video depicts a 10 second still image of a pubescent female standing nude with her breasts and vagina exposed. The video has the associated MD5: 9dde83f0a326b07db1c047a30d5c9ad1. The upload of the video file occurred on September 25, 2023, at 21:03:37 UTC.

**Page 18**

50.　On November 6, 2023, your affiant queried CLEAR database for potential residents associated with the identifiers listed in the CyberTips. Query revealed ROBERT M. BARNSTEAD, date of birth: 10/12/1959, resided at 323 60th Street, Newport News, Virginia.

51.　On November 7, 2023, your affiant received information from a Newport News Police Department School Resource Officer identifying one male high school juvenile residing at 323 60th Street, Newport News, Virginia with his father listed as ROBERT BARNSTEAD, cell phone number: 757-675-3548 (the number associated with the Subject Account).

52.　On December 31, 2023, your affiant received subscriber information from Verizon Wireless for telephone number 757-675-3548 (the number associated with the Subject Account) in response to an administrative subpoena served on December 27, 2023. Subscriber information revealed the subscriber as: ROBERT M. BARNSTEAD, address: 323 60th Street, Newport News, Virginia 23607, effective date: 11/6/2004.

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

53.　I anticipate executing this warrant under the Electronic Communications Privacy Act, in particular 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A), by using the warrant to require Synchronoss Technologies, Inc. to disclose to the government copies of the records and other information (including the content of communications) particularly described in Section I of Attachment B.　Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review that information to locate the items described in Section II of Attachment B.

54.　Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for the service or execution of this warrant. Because the warrant will be served on

**Page 19**

Synchronoss Technologies, Inc., who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night.

### APPLICATION AND SUMMARY OF FACTS

55. On the basis of the above-described facts, I respectfully submit that there is probable cause to believe that the stated **Subject Account** may contain evidence regarding violations of Title 18, United States Code, §§ 2252A(a)(1) and 2252A(a)(5)(B), which prohibit the knowing transportation and possession of child pornography.

56. I further submit that probable cause exists to believe that evidence, fruits, and instrumentalities of such violations will be found within the information associated with the **Subject Account** (more particularly described in Attachment A) for evidence of Activities Relating to Material Involving the Sexual Exploitation of Minors, in violation of 18 U.S.C. §§ 2252A(a)(1) and 2252A(a)(5)(B). Accordingly, I request that warrants be issued authorizing FBI agents, with assistance from other law enforcement personnel, to search those accounts, obtain the information in the accounts and to seize all contents referred to in and to seize all contents referred to in Attachment B.

57. Notwithstanding 18 U.S.C. § 2252/2252A or any similar statute or code, Synchronoss Technologies, Inc. shall disclose responsive data by sending it to 11827 Canon Blvd., Suite 300, Newport News, Virginia, 23606 or via email to demaldonado@fbi.gov.

Respectfully submitted,

Desirae Maldonado
Special Agent
FBI Child Exploitation Task Force
Federal Bureau of Investigation

This affidavit has been reviewed for legal sufficiency by Assistant United States Attorney Devon Heath.

Reviewed:

Devon Heath
Assistant United States Attorney

Subscribed and sworn to before me this 20th of February 2024, in the City of Newport News, Virginia.

The Honorable Douglas E. Miller
UNITED STATES MAGISTRATE JUDGE

Page 21

## ATTACHMENT A

### DESCRIPTION OF THE PROPERTY TO BE SEARCHED

This warrant applies to all cloud content associated with the Synchronoss Technologies online storage account associated with the following Verizon Wireless telephone number:

- **757-675-3548**

This content is stored at premises owned, maintained, controlled, or operated by Synchronoss Technologies, Inc., a company with offices located at 200 Crossing Blvd., Floor 8, Bridgewater, NJ 08807.

All Cloud content associated with CyberTip numbers: 157288060, 159648607, 162872310, 164894052, 165736230, 165891976, 174322960, 130235738, 174899913, and 175231098 and Verizon Cloud account **757-675-3548.**

**Synchronoss Technologies is requested to provide the contents and records of 757-675-3548 that were preserved by Synchronoss in concurrence with the submission of the CyberTipline Reports.**

## ATTACHMENT B

### Particular Things to be Seized

### I.    Information to be disclosed by Synchronoss Technologies Inc.,

To the extent that the information associated with the Synchronoss Technologies account described in Attachment A is within the possession, custody, or control of Synchronoss Technologies, regardless of whether such information is located within or outside of the United States, and including any messages, records, files, logs, or information that have been deleted but are still available to Synchronoss Technologies or have been preserved pursuant to a request made under 18 U.S.C. § 2703(f), Synchronoss Technologies is required to disclose the following information to the government:

a.    All incoming and outgoing text message (SMS) content;

b.    Mobile number subscriber information and device information such as serial number, including the make and model of handset(s) associated with the account or any other phone, computer, tablet, or any other device that has accessed, connected, or uploaded to the account;

c.    Call detail records (CDR), text detail records (TDR), incoming and outgoing multimedia message (MMS) content including photos, videos, and other attachments, pertaining to the account;

d.    Information pertaining to the identification of the subscriber of the account, including the subscriber's full name, physical and mailing addresses, billing information, and any other names, user names, screen names, or other identifiers, telephone numbers, or e-mail addresses attached to or associated with the account;

**Attachment B**                                                                 **Page 1**

records of session times and durations; the date on which the account was created, the length of service, and the IP address used to register the account; log-in IP addresses associated with session times and dates; account status; methods of connecting; log files; and means and source of payment (including any credit or bank account number);

e.  The types of service utilized by the user;

f.  All records, files, or other data stored by an individual using the account including images, videos, or any other data;

g.  Any and all IP logs of connectivity between any device and the account;

h.  All records pertaining to communications between Synchronoss and any person regarding the account, including contacts with support services and records of actions taken.

i.  All information/data submitted to the National Center for Missing and Exploited Children ("NCMEC") in connection with CyberTips: 157288060, 159648607, 162872310, 164894052, 165736230, 165891976, 174322960, 130235738, 174899913, and 175231098.

## II.  Information to be seized by the government.

All information described above in Section I that constitutes contraband or evidence, fruits, or instrumentalities of violations Title 18, United States Code, §§ 2252A(a)(1) and 2252A(a)(5)(B), which prohibit the knowing transportation, receipt, distribution, and possession of child pornography, including:

a.  Information relating to who created, used, communicated with, or stored

**Attachment B**                                                                 **Page 2**

information in the account described in Attachment A, including records about their identities and whereabouts;

b.    Information indicating how and when the account was accessed or used, to determine the geographic and chronological context of account access, use, and events relating to the crimes under investigation and to the account holder;

c.    Evidence indicating the account holder's and user's state of mind as it relates to the crimes under investigation;

d.    Any and all IP logs of connectivity between any device and the account;

e.    All incoming and outgoing text message (SMS) content that relates to the crimes under investigation;

f.    Email messages, records, transactional data, and stored information that were used or are capable of being used to commit or continue the violations described above;

g.    All records, documents, invoices, or materials associated with the account that concern accounts with an Internet service provider or a telephone service provider whose services may have been used in the commission of the above violations;

h.    All photographs, images, videos, or any other data relating or pertaining to the above violations;

i.    The identity of the person(s) who sent to and/or received communications from the cellular device about matters relating to the above violations, including records that help reveal their whereabouts and identity.

## III.    Disclosure by provider - By Order of the Court

Synchronoss shall disclose responsive data, if any, within fourteen (14) days of service of

**Attachment B**                                                                                 **Page 3**

this warrant by sending to FBI, Attn: SA Desirae Maldonado (demaldonado@fbi.gov) via electronic means, **notwithstanding 18 U.S.C. 2252A or similar statute or code**. However, if the records must be mailed or shipped, they can be delivered to SA Desirae Maldonado, Federal Bureau of Investigation, 11827 Canon Blvd, Suite 300, Newport News, Virginia, 23606 with phone number 757-873-5015. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer shall not be required for the service or execution of the search warrant. The foregoing records and information may be copied onto removable electronic storage media (e.g. CD-R together with a written attestation identifying the serial number of the CD-R for authentication purposes) and delivered to the officer serving this warrant, via the United States Postal Service, or another qualified courier service; or made available via secure online portal for download by law enforcement. Secure online portal for download is the preferred method.

**Attachment B**                                                                 **Page 4**